United States District Court
Southern District of Texas
**ENTERED**
October 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID BUSH, | § § § § | |
| Movant, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-2642 |
| CARDTRONICS, INC., | § § § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

This addresses the latest step in William Bush's decade-long pursuit of contract claims against Cardtronics. Bush continues to pursue discovery to be used in a legal proceeding in Mexico. Bush's underlying breach of contract claims stem from the allegation that Cardtronics wrongfully cut him out of a distributor agreement to operate ATMs in Mexico. Bush asserts that he has satisfied the requirements of 28 U.S.C. § 1782. He asked this court to grant him discovery for use in the Mexican lawsuit he is pursuing against Cardtronics, a US company, in Mexico. Cardtronics argues that Bush has not shown that such a lawsuit is within "reasonable contemplation," as required by 28 U.S.C. § 1782, and that, even if it is, this court should exercise its discretion to deny Bush's discovery requests as overbroad and because he can seek discovery through any lawsuit he does bring in Mexico. Bush moved for discovery, Cardtronics responded, and Bush replied. (Docket Entry Nos. 1, 5, 6).

Based on the pleadings, the record, the arguments of the parties at a hearing in September 2020, and the applicable law, the court denies Bush's request for discovery. The reasons are set out below.

**I.      Background**

1

Cardtronics operates a network of ATMs in Mexico through a subsidiary, Cardtronics Mexico, S.A. de C.V.. (Docket Entry No. 1 at 1; Docket Entry No. 5 at 3). Bush alleges that he contracted with Cardtronics and Cardtronics then wrongfully cut him out of the business, breaching a contract. (Docket Entry No. 1 at 2). Cardtronics responds that it properly entered into a distributor agreement with Bush's former business partner that replaced and superseded Bush's contract. (Docket Entry No. 5 at 2–3)

Bush first sued Cardtronics in a Texas state court in 2010. The trial court dismissed his claims based on the contract's forum-selection clause, requiring litigation in a Mexican federal court in Mexico City. *Bush v. Cardtronics, Inc.*, No. 2010-31459, 2012 WL 8899859, at *1 (Tex. Dist. July 02, 2012), *aff'd*, *Bush v. Cardtronics, Inc.,* No. 01-12-00708-CV, 2014 WL 2809806, at *5 (Tex. App. June 19, 2014) (pet. denied).

Bush still did not pursue his claims in Mexico. In 2016, Bush sued Cardtronics in the Northern District of California on RICO claims. *Bush v. Cardtronics, Inc.*, No. 3:16-cv-05862-EDL. The Northern District of California court dismissed Bush's lawsuit with prejudice for lack of personal jurisdiction, and because limitations barred Bush's RICO claims, and because the Texas court's ruling enforcing the forum selection clause. *Bush v. Cardtronics, Inc.*, No. 3:16-cv-05862-EDL, Docket Entry No. 59 (N.D. Cal. Jan. 26, 2017).

Two years later, in 2019, Bush again appeared in the Northern District of California. This time, Bush sought discovery under 28 U.S.C. § 1782 for use in a Mexican lawsuit that he described as "impending." *Bush v. Cardtronics*, *Inc., et al.*, No. 3:19-mc-80062-EJD, Docket Entry No. 1 (N.D. Cal. Mar. 14, 2019). The judge denied Bush's request because none of the putative defendants named in Bush's discovery motion resided in the Northern District of California, as required under 28 U.S.C. § 1782(a). *Bush v. Cardtronics*, *Inc., et al.*, No. 3:19-mc-80062, Docket

Entry No. 6 at 6 (N.D. Cal. Mar. 18, 2019).  The judge also found that the discretionary factors in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004) independently supported denial of Bush's discovery motion.  *Id.* at 6–9; *Bush v. Cardtronics Inc.*, No. 3:19-MC-80062-EJD, 2019 WL 1993792, at *2 (N.D. Cal. May 6, 2019).

Bush has filed under 28 U.S.C. § 1782 once more, seeking discovery for a still-unfiled lawsuit against Cardtronics in Mexico.

## II.     Section 1782

Section 1782 "authorizes, but does not require," a federal district court to assist with discovery in a foreign legal proceeding.  *Intel*, 542 U.S. at 255.   Parties seeking assistance must satisfy three statutory requirements.  First, the party from whom the discovery is sought must reside or be found in the district where the application is filed.   28 U.S.C. § 1782(a).  Second, the party seeking the discovery must be an "interested person" in the foreign legal proceeding.  *Id*.  Third, the discovery sought must be "for use in a proceeding in a foreign or international tribunal," *Id.*; *see also Intel*, 542 U.S. at 257 (the amended statute intended "to provide the possibility of U.S. judicial assistance in connection with administrative and quasi-judicial proceedings abroad" (quotation and alterations omitted).  The proceeding for which discovery is sought need not be "pending" or "imminent," but it must be within "reasonable contemplation."  *Intel*, 542 U.S. at 259 (quotation omitted).

In *Intel*, the Court found that a complaint in the "investigative stage" of a European Commission proceeding showed a proceeding within reasonable contemplation.  *Id.* at 258–259.  The Fifth Circuit has not elaborated on the reasonable contemplation requirement in a precedential opinion.  In an unpublished opinion, the Fifth Circuit explained that reasonable contemplation means that "[t]he future proceedings must be more than speculative . . . and a district court must

3

insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (per curiam) (alteration in original) (quoting *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014)). Other circuits have found that a foreign legal proceeding was not within "reasonable contemplation" when "all that the [prospective litigant] alleged before the district court was that they had retained counsel and were discussing the *possibility* of initiating litigation." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015) (emphasis in original).

"[O]nce an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application." *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). Courts considering § 1782 motions consider the following factors in deciding whether to grant the request:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

*Bravo* 613 F. App'x at 323–24 (quoting *Intel*, 542 U.S. at 264-65).

**III. Analysis**

Bush has satisfied the first two statutory requirements for his application. Bush has not shown that a Mexican litigation is within "reasonable contemplation."

  **A.**  **Reasonable Contemplation**

4

Bush states that he has "made agreements with Mexican legal counsel to proceed on a contingent award basis and is preparing to proceed." (Docket Entry No. 1 at 2). Bush attributes the long delay in filing the Mexican lawsuit to the fact that his "bank accounts were illegally misappropriated [by Cardtronics] and he was left without the means to hire foreign legal counsel." (Docket Entry No. 1 at 2).

Cardtronics responds that Bush has failed to provide "reliable indications" that he plans to file, or to substantiate his assertions. (Docket Entry No. 5 at 6–8). It argues that Bush's failure to file a lawsuit in Mexico in the over a decade since he signed a contract with a Mexican forum-selection clause, or at any time after the Texas and federal courts told him in 2012, 2014, and 2016 that he must file in Mexico shows that his claims about a pending lawsuit are an "unsupported promise." (*Id.*)

In his reply, Bush described Cardtronics's account of the factual background and procedural history of the case as a "literal fiction, based on the litigant[']s criminal imagination." (Docket Entry No. 6 at 2). Bush also provided a retainer letter showing that he hired a Mexican law firm in April 2019. (Docket Entry No. 6).

It has now been 13 years since the underlying events took place, 10 years since Bush filed his first lawsuit against Cardtronics, 8 years since a Texas court first told Bush he must file in Mexico, and over 3 years since a federal court agreed. On its own, the lengthy delay is not dispositive. *See Bravo* 613 F. App'x at 322–323. But Bush has not otherwise shown that a Mexican lawsuit is within reasonable contemplation. Bush has not provided any "reliable indications of the likelihood that a Mexican proceeding will be instituted within a reasonable time." *See Bravo*, 613 F. App'x at 322 (quoting *JAS Forwarding*, 747 F.3d. at 1270)).

5

Bush has assured this court that he intends to file the case in Mexican court imminently. The court does not find his assurances credible. The fact that Bush hired a Mexican law firm on a contingency-fee basis in 2019 tends to indicate some plan to file a Mexican lawsuit, but it is not enough. *See KPMG, L.L.P.*, 798 F.3d at 124 (allegations that applicant had retained counsel and was discussing the "possibility" of litigation did not show that a proceeding was within reasonable contemplation). Over a year has passed since Bush allegedly retained the law firm. Bush has not shown that the proceeding is in a preliminary or investigative phase. Bush has not provided an affidavit from counsel detailing the planned litigation. Nor has he provided the court with other reliable records showing the reason for the delay. The record does not support a finding that Bush's lawsuit is within reasonable contemplation, and Bush's discovery request is denied.

Of course, if Bush does file his lawsuit, he may make a renewed application based on the change in circumstances. *See Id.* at 124–25 ("Our conclusion that the district court did not err in finding, on the record before it, that the prospective actions projected by the [prospective litigant] were not then within reasonable contemplation does not preclude a new application . . . based on new circumstances, including the now-pending [] litigation"). But even if Bush does file the Mexican lawsuit, *Intel*'s discretionary factors independently support denying his request.

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Court explained that when the person from whom discovery is sought will participate, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* Cardtronics would be a participant in the Mexican proceeding. (Docket Entry No. 5 at 8; Docket Entry No. 8 at 2). This factor favors denying the request.

Second, district courts may consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  Bush argues that "Mexico has significant societal, political, commercial, and legal ties to the U.S. judicial system." (Docket Entry No. 1 at 8).  The court agrees with Bush that this factor weighs in his favor.

Third, "a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.  Cardtronics argues that Bush's repeated efforts to obtain discovery through U.S. courts shows that he is trying to circumvent Mexico's proof-gathering restrictions. (Docket Entry No. 5 at 9).  Bush responds that he must seek discovery through § 1782 because Mexico does not have discovery power over Cardtronics. (Docket Entry No. 8 at 2).

Cardtronics and its Mexican subsidiary would be parties to the potential Mexican lawsuit. (Docket Entry No. 8 at 2).  The parties appear to dispute the degree to which discovery would be available in a Mexican proceeding.  Cardtronics agrees with the judge in the Northern District of California, who found that "the Mexican court can itself order any discovery of [Cardtronics] that it deems appropriate." (Docket Entry No. 5 at 8 (quoting *Bush v. Cardtronics, Inc., et al.*, No. 3:19-mc-80062, Docket Entry No. 6 at 8 (N.D. Cal. Mar. 18, 2019) (alteration in original))).  Bush appears to assert that Mexican courts will not order the significant discovery typically available in a U.S. proceeding.  (*See* Docket Entry No. 1 at 8–9 ("There is no discovery process mandated by the Mexican judicial system to circumvent in this case.")).

If so, Bush is clearly attempting to obtain more than the limited judicial discovery available to him through a Mexican court.  Some courts have found that the § 1782 assistance may be appropriate to allow applicants to gather evidence to present in jurisdictions that limit post-filing

7

discovery. *See Bravo*, 613 F. App'x at 323 (7-year delay in filing lawsuit was justified in part because the applicant needed to gather all evidence before filing a UK action); *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015) (§ 1782 assistance could be appropriate if the discovery sought was "far broader" than what would be available in a planned Dutch proceeding).

Even if Bush is seeking discovery that may not be available to him in a Mexican proceeding, that is not enough.

Bush's sustained efforts to litigate the merits of his case in the U.S., despite rulings that he must bring any lawsuit in Mexico, indicate that Bush seeks to circumvent Mexican law in general. Bush has known that he must bring his lawsuit in Mexico at least since the Texas court of appeals affirmed the validity of the forum-selection clause in 2014. *See Bush v. Cardtronics, Inc.,* No. 01-12-00708-CV, 2014 WL 2809806 (Tex. App. June 19, 2014). Bush's continued attempts to avoid the Mexican forum weigh against granting his request.

Finally, the *Intel* court explained that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. When Bush previously sought § 1782 assistance in the Northern District of California, the court described the breadth of his request as "staggering." *Bush v. Cardtronics Inc*., No. 3:19-MC-80062-EJD, 2019 WL 1993792, at *2 (N.D. Cal. May 6, 2019). In his application to this court, Bush no longer seeks discovery against Blackrock or Fiserv, as he did in the Northern District of California. Otherwise, his requests are largely the same. They remain unduly burdensome. In addition to requests for correspondence related to Bush's former business and other Mexican ATM distributors, which are already very broad, Bush seeks intrusive discovery about a variety of topics that appear tangential to the suit he has described. (Docket Entry No. 1 at 6–7). As just one example, Bush seeks "disclosures of any government related lobby efforts, any campaign contributions made, any fund[]raisers attended, any din[n]ers attended

8

with government officials, or any pay for access events attended in the past 10 years by any of [Cardtronics's] officers, employees, agents, or investors that may be known. (*Id.* at 6). Cardtronics is a publicly traded company. It is difficult to imagine the burden associated with tracking down any campaign contributions associated with any of its investors for the past ten years.

Bush also requests the production of documents showing gross and net revenues for all ATMs operated under several agreements with distributors other than the one formerly operated by Bush, and "the production of documentation identifying any conglomerate organization relationships, subsidiaries, business partnerships, associations, investment holdings in foreign or national corporations or the subsidiaries there from, operating directly or remotely in the jurisdictional region of Mexico, involving any financial service company, bank, financial sponsor, casino, cash house, or ATM business related operation or services." (*Id.* at 6). Again, this is overbroad.

While the second factor weighs in favor of Bush's request, the first, third, and fourth factor favor denying Bush the discovery he seeks. The court denies Bush's request based on its application of *Intel*'s discretionary factors.

**IV.     Conclusion**

Bush's motion for discovery under 28 U.S.C. § 1782, Docket Entry No. 1, is denied. The case is dismissed.

SIGNED on October 23, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge